## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## CLEVELAND DIVISION

| | |
|---|---|
| VINCENT E. VESPO, individually, and on behalf of all others similarly situated, | CIVIL COMPLAINT |
| Plaintiffs, | CASE NO.3:22-cv-00175 |
| v. | |
| BASS & ASSOCIATES, P.C., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Vincent E. Vespo ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through the undersigned counsel, complaining of Bass & Associates, P.C. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this putative class action complaint seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of Regulation F, 12 CFR 1006 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio, Plaintiff resides in the Northern District of Ohio, and a substantial

1

portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a third party debt collector with its principal place of business located in Tucson, Arizona. Defendant's principal business purpose is the collection of defaulted debts owed to others. Defendant engages in collection activities in several different states, including the State of Ohio.

## FACTS SUPPORTING CAUSES OF ACTION

6. In late 2019, Plaintiff scheduled a vacuum demonstration with The Kirby Company as he was in need of a new vacuum for household purposes.

7. After the vacuum demonstration, Plaintiff declined to purchase the vacuum.

8. Shortly thereafter, Plaintiff answered a phone call from a representative of United Consumer Financial Services ("UCFS"). In that call, Plaintiff was told that he has an outstanding debt in the amount of $1,729.27 ("subject debt") as a result of Plaintiff allegedly purchasing vacuum's from The Kirby Company on September 13, 2019.

9. Plaintiff was astonished to find out that The Kirby Company had charged him for purchasing vacuums as he had unequivocally declined to purchase any products from The Kirby Company back in September 2019.

10. In 2021, Plaintiff began receiving collection calls from Defendant to Plaintiff's cellular phone number, (419) XXX-5031, in an attempt to collect upon the subject debt. Defendant acquired the rights to collect upon the subject deb after it was allegedly in default.

11. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 5031.

12. At no time did Plaintiff ever provide his cellular telephone number to Defendant.

13. As soon as Defendant's phone calls began, Plaintiff spoke with a representative of Defendant and requested his name and phone number be removed from Defendant's calling list as he does not owe the subject debt.

14. Despite knowing that Plaintiff did not want to receive any further calls, Defendant placed numerous harassing calls to Plaintiff's cellular phone following his request that Defendant's calls cease.

15. In the calls that Plaintiff answered, Plaintiff was greeted by a pre-recorded message instructing Plaintiff to press "1" to be transferred to a live representative or press another number if he was not Plaintiff.

16. In the calls that Plaintiff did not answer, Defendant placed pre-recorded voicemail messages, each lasting approximately 30 seconds, instructing Plaintiff to call Defendant back.

17. Specifically, between November 2021 and the present day, Defendant placed no less than 47 pre-recorded telephone calls to Plaintiff's cellular phone attempting to collect the subject debt.

18. In addition, in the first week of January 2022, Defendant placed no less than 22 more telephone calls to Plaintiff without his prior consent.

19. Defendant has used the listed phone number to place collection calls to Plaintiff's cellular phone number, including but not limited to (888) 283-4624.

20. Upon information and belief, it may have also used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

21. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

23. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

24. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## CLASS ALLEGATIONS

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons residing in the United States: (a) to whom Defendant placed, or caused to be placed, a call; (b) directed to a number assigned to a cellular telephone service; (c) using an artificial or prerecorded voice; (d) without the individual's consent; (e) at any time in the period that begins

4

four years before the date of the filing of the original complaint through the date of class certification.

27. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

28. The exact number of members of the Putative Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

29. Upon information and belief, Defendant made phone calls to thousands of consumers who fall within the definition of the Putative Class.

30. Members of the Putative Class can be objectively identified from the records of Defendant and any affiliated vendors to be gained through targeted discovery.

### B. Commonality and Predominance

31. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

32. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

### D. Superiority and Manageability

33. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

34. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

35. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

36. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

37. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

38. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

39. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(On behalf of Plaintiff and members of the Putative Class)

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

42. As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on his cellular telephone.

43. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

44. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered and the pre-recorded messages used by Defendant, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

45. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

46. As pled above, Plaintiff never provided his cellular phone number to Defendant and therefore Defendant never had consent to place calls to Plaintiff's cellular phone number.

47. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

48. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

49. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

50. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff, on behalf of himself and members of the Putative Class, respectfully request that this Honorable Court enter judgment in his favor as follows:

a. An order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. Declaring that the practices complained of herein are unlawful and violate the TCPA;

c. Awarding Plaintiff and members of the Putative Class damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiff restates and realleges paragraphs 1 through 50 as though fully set forth herein.

52. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

53. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of defaulted debts owed to others and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts owed to a third party.

54. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

55. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

56. Defendant used the phone and mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

57. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

58. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(10), and f through its unlawful debt collection practices on debts that never belonged to Plaintiff.

    a. **Violations of FDCPA § 1692c**

59. Defendant violated §1692c(a)(1) when it continuously called and Plaintiff after being notified to cease communications. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt despite having actual knowledge that Plaintiff did not want to receive any calls and that Plaintiff never purchased any products from any of Defendant's predecessors.

60. Furthermore, the enormous volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

61. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

    b. **Violations of FDCPA § 1692d**

62. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that its calls were not welcome on numerous occasions.

63. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these aforementioned calls after Plaintiff informed Defendant its calls were no longer

welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone, using an pre-recorded messaging technology, without his consent.

### c. Violation of FDCPA § 1692e

64. Defendant violated §1692e and e(10) when it used false, misleading, and deceptive means to collect and/or attempt to collect the subject debt from Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff repeatedly in a deceptive and misleading attempt to force him to answer its calls and ultimately make a payment, despite notifying Defendant that its communications were not welcome and that Plaintiff did not owe the subject debt. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to continue to contact him in an attempt to dragoon payment on the subject debt, when it did not have prior consent to do so.

### d. Violations of FDCPA § 1692f

65. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff after Plaintiff requested to cease communications. Placing voluminous phone calls after becoming privy to the fact that its collection calls were not welcome is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

66. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers.

67. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

68. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Enjoining Defendant from further communicating with Plaintiff;

    d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    e. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF REGULATION F (12 CFR 1006 *ET SEQ.*)

69. Plaintiff restates and realleges paragraphs 1 through 68 as though fully set forth herein.

70. Plaintiff is a "consumer" as defined by Regulation F §1006.2(e)

71. Defendant is a "third party collector" as defined by Regulation F §1006.2(i)(1).

72. The subject debt is a "debt" and a "consumer debt" as defined by Regulation F §1006.2(f) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of Regulation F §1006.14**

73. Pursuant to § 1006.14(a) of Regulation F, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 12 CFR 1006.14(a).

74. Section 1006.14(b)(2)(i)(A) of Regulation F prohibits a debt collector from contacting a consumer "more than seven times within seven consecutive days." 12 CFR 1006.14(b)(2)(i)(A).

75. Defendant violated §§ 1006.14 and 1006.14(b)(2)(i)(A) of Regulation F by placing numerous collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

76. Specifically, in the first week of January 2022, Defendant placed no less than 22 more telephone calls to Plaintiff without his prior consent.

77. Defendant's conduct in systematically placing calls to Plaintiff's cellular phone number is inherently harassing and abusive.

78. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as the frequency of Defendant's calls would lead any reasonable person to be frustrated.

79. The fact that Defendant knowingly placed such a high volume of calls to Plaintiff is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Regulation F, therefore violating the Fair Debt Collection Practices Act;
b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations;
c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: January 31, 2022                                          Respectfully Submitted,

/s/ Marwan R. Daher

Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com